IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM C. TOOMER,<br><br>        Plaintiff,<br><br>    v.<br><br>CAMDEN COUNTY CORRECTIONAL FACILITY,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-08781(JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

William C. Toomer, Plaintiff Pro Se
553 Church Road
Sicklerville, NJ 08081

**SIMANDLE, Chief District Judge:**

## I. INTRODUCTION

Plaintiff William C. Toomer seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF"). Complaint, Docket Entry 1.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, it is clear from the complaint that the claim arose more than two years before the complaint

was filed. It is therefore barred by the two-year statute of limitations that governs claims of unconstitutional conduct under 42 U.S.C. § 1983. The Court will therefore dismiss the complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

**II. BACKGROUND**

Plaintiff alleges that he was detained in the CCCF in 2001 (the dates are illegible), on October 21, 2014 for 127 days, July 31, 2005 for 3 days, November 29, 2005 for 129 days, July 17, 2009 for 55 days, November 30, 2012 for 116 days, and July 8, 2014 for 139 days. Complaint § III. He further states: "Was told on the assigned to sleep on the floor the [sic] I spend in Camden County Correctional Facility order by the officer on duty." *Id.*

**III. STANDARD OF REVIEW**

Section 1915(e)(2) requires a court to review complaints prior to service of the summons and complaint in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IV. DISCUSSION**

Plaintiff's complaint alleges that he experienced unconstitutional conditions of confinement while he was detained in the CCCF in 2001, 2004, 2005, 2006, 2009, 2012, 2013, and 2014.[1] Civil rights claims under § 1983 are governed by New

---

[1] Plaintiff identifies his periods of confinement by the number of days for which he was confined. The Court takes judicial notice that Plaintiff's 127-day October 21, 2004, confinement ended on February 25, 2005; Plaintiff's 3-day July 31, 2005, confinement ended on August 3, 2005; Plaintiff's 129-day November 29, 2005, confinement ended on April 7, 2006; Plaintiff's 55-day July 17, 2009, confinement ended on September 10, 2009; Plaintiff's 116-day November 30, 2012, confinement ended on March 26, 2013; and Plaintiff's 139-day July 8, 2014, confinement ended on November 24, 2014.

Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

The allegedly unconstitutional conditions of confinement at CCCF, namely Plaintiff's alleged sleeping on the floor presumably due to overcrowding, would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for Plaintiff's claims arising from confinements in 2001, October 2004 to February 2005, July to August 2005, November 2005 to April 2006, July to September 2009, and November 2012 to March 2013 expired, respectively, in 2003, February 2007, August 2007, April 2008, September 2011, and March 2015, well before this complaint was filed on November 28, 2016. In addition, Plaintiff's claims arising from his confinement from July 8, 2014, to November 24, 2014, expired on November 24, 2016, prior to Plaintiff's filing of the complaint on November 28, 2016. In sum, Plaintiff has filed his lawsuit too late. Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances

4

must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of his cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing his claim, and there is nothing to indicate Plaintiff filed his claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

As it is clear from the face of the complaint that more than two years have passed since Plaintiff's claims accrued, the complaint is dismissed with prejudice, meaning he may not file an amended complaint concerning the events of 2001, 2004, 2005, 2006, 2009, 2012, 2013, and 2014. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

## V. CONCLUSION

For the reasons stated above, the complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.


**May 4, 2017**                       **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                                         Chief U.S. District Judge